JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WEST COAST NEURO, INC.,

Plaintiff,

v.

ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY,

Defendant.

Case No. 2:26-cv-08489-SB-BFM

ORDER GRANTING MOTION TO REMAND

Plaintiff West Coast Neuro, Inc., a medical provider that treated patients insured by Defendant Anthem Blue Cross Life and Health Insurance Company (Anthem), moves to remand this action to state court. The motion is granted.

The No Surprises Act (NSA) protects patients receiving specified out-of-network medical services by generally prohibiting providers from billing them for amounts their insurers do not pay and limiting patients' deductibles, copayments, and other cost-sharing to in-network levels. The NSA also establishes a process for resolving payment disputes between providers and insurers. 42 U.S.C. §§ 300gg-111, 300gg-131–132. If the provider and insurer cannot agree on a payment amount through negotiation, either may initiate independent dispute resolution (IDR). A certified IDR entity then determines the payment amount by choosing one of the parties' proposals. The determination is binding, subject to limited exceptions, and any additional payment must be made within 30 days of the determination. *Id.* § 300gg-111(c).

After a dispute arose over Anthem's reimbursement amounts, West Coast pursued the NSA's IDR process and obtained 25 favorable determinations that Anthem allegedly has not paid. West Coast asserts seven California-law claims, including unjust enrichment, quantum meruit, breach of contract, insurance bad faith, and violation of California's Prompt Pay Law. Although the complaint

references the IDR determinations repeatedly, it characterizes them as factual background and evidence of the amounts owed, rather than the legal basis for recovery. *See* Compl. ¶¶ 8, 35, 50, 92(d). Anthem removed this action under 28 U.S.C. § 1331, arguing that West Coast's claims necessarily require determining whether the IDR awards are enforceable under federal law.

Federal jurisdiction over a state-law claim exists only in the "special and small category" of cases in which a federal issue is "necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (cleaned up); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). A federal issue is necessarily raised only when resolving it is essential to establishing the plaintiff's claim. *See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542–43 (9th Cir. 2011) (rejecting jurisdiction because the state-law reimbursement claims did not necessarily raise a federal issue); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (rejecting federal jurisdiction where independent state-law theories supported the claim).

That requirement is not satisfied here. West Coast asserts state-law claims based on alleged payment obligations arising from the parties' conduct, contractual relationship, and California insurance law. Its unjust enrichment and quantum meruit claims concern the benefits and reasonable value of services provided; its prompt-payment claim arises under California Insurance Code § 10123.13; and its contract and bad-faith claims rest on alleged contractual obligations or the parties' course of dealing, including Anthem's claims adjudication, explanations of benefits, and partial payments. Although West Coast relies on the IDR determinations for the amounts owed, the complaint expressly characterizes them as "valuation evidence" rather than a basis for relief that requires their enforcement under federal law. Compl. ¶ 92(d). The complaint therefore does not necessarily raise a federal issue under *Grable*. *See CALSTAR*, 636 F.3d at 542–43; *Rains*, 80 F.3d at 345–46.

The parties' positions at the hearing reinforced this conclusion. Anthem acknowledged that the same state-law claims, pleaded without reference to the IDR determinations, would not support removal, even if West Coast later sought to use those determinations in the same manner as here. Anthem would instead raise NSA preemption and election of remedies as defenses. Although Anthem distinguished the actual complaint based on its express reliance on the IDR determinations, it identified no element of a state-law claim requiring their

enforcement under federal law. West Coast, in turn, acknowledged that it must independently establish liability and may have to prove damages without treating the IDR determinations as conclusive. It also acknowledged that the state court could reject its claims as preempted or decline to admit or give the determinations controlling effect.

Thus, the hearing highlighted the difference between a federal defense to a state-law claim and a federal issue necessary to establish that claim. Anthem's arguments that the NSA provides an exclusive administrative remedy, preempts West Coast's claims, or bars judicial enforcement of IDR determinations raise potential defenses, but those defenses do not establish federal-question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Nor does the complaint's express reliance on the determinations make their federal enforceability an element of a state-law claim. *See Rains*, 80 F.3d at 345–46 (holding that references to federal law do not establish federal jurisdiction when a claim rests on independent state-law grounds). Whether West Coast can establish liability and damages under state law and the effect, if any, that IDR determinations have on that showing are questions for the state court.

In sum, Anthem has not established that West Coast's state-law claims necessarily raise a federal issue sufficient to confer jurisdiction under *Grable*.[1] *See CALSTAR*, 636 F.3d at 542–43; *see also Gene K. Lee Med. Corp. v. Elevance Health Inc.*, No. 2:26-cv-6151-FMO, 2026 WL 1960889 (C.D. Cal. July 6, 2026) (remanding an NSA-related state-law action because the claims did not necessarily raise a federal question); *Billing v. Premera Blue Cross*, No. 2:25-cv-442, 2025 WL 2921909, at *3–4 (W.D. Wash. Oct. 15, 2025) (same). Any doubt about federal jurisdiction, moreover, must be resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, West Coast's motion to remand is granted.

Date: November 2, 2026

Stanley Blumenfeld, Jr.
United States District Judge

[1] Because the Court concludes that West Coast's claims do not necessarily raise a federal issue, it need not address the remaining *Grable* requirements, including whether the disputed federal issue is substantial to the federal system as a whole. *See Gunn*, 568 U.S. at 258 (requiring all four conditions to be satisfied).